IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
PAUL EDWARD TEEL, 131540    )
                            )
    Petitioner,              )
                            )
    v.                      )    CIVIL ACTION NO.
                            )     2:04cv328-MHT
JERRY FARRELL, et al.,      )         (WO)
                            )
    Respondents.            )
```

OPINION

Pursuant to 28 U.S.C. § 2254, petitioner filed this habeas-corpus case.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that the habeas-corpus request be denied as time-barred.  Also before the court are petitioner's objections to the recommendation.  After an independent and de novo review of the record, the court concludes that the objections should be overruled and the magistrate judge's recommendation adopted.

The court adds the following comments: This case is before the court on petitioner's efforts to obtain habeas

relief after having previously been granted relief, Teel v. Burton, 904 F.Supp. 1294 (M.D. Ala. 1995) (Thompson, J.), and then retried and re-convicted.  The magistrate judge recommends that the relief be denied as time-barred.  In his objections, petitioner argues that the limitations period should be tolled because he was mentally incompetent, that is, he maintains that he suffers from a severe communication disorder and autism stemming from substance abuse.

"The burden of establishing entitlement to [equitable tolling] plainly rests with the petitioner."  Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002).  An inmate's mere allegation that he is mentally incapacitated does not warrant the extraordinary remedy afforded by equitable tolling.  See Lawrence v. Florida, 421 F.3d 1221, 1226-1227 (11th Cir.2005).  Simply put, petitioner here has produced no evidence beyond his self-serving assertion that he suffers from such disorders.  In fact, petitioner's undertakings in both state and

2

federal court undermine his assertion that his mental problems warrant equitable tolling (he has proceeded pro se in this petition).  Moreover, he did not present any evidence that establishes the requisite causal connection between his mental condition and his failure to comply with the limitations period.  Id.

    An appropriate judgment will be entered.

    DONE, this the 28th day of April, 2006.

                         /s/ Myron H. Thompson
                          UNITED STATES DISTRICT JUDGE